John ARMSTRONG and Heather Potter, Appellees,

v.

ASARCO, INC., Appellant.

No. 96–3277.

United States Court of Appeals, Eighth Circuit.

July 21, 1998.

Peter J. Nickles, Washington, DC, argued (Neil A. Riemann, Lawrence J. Jensen and Steven E. Guenzel, on the brief), for Appellants.

David K. Rees, Denver, CO, argued (Richard A. DeWitt, Robert S. Lannin and Kimberly J. Graber, on the brief), for Appellees.

Before McMILLIAN, ROSS and FAGG, Circuit Judges.

McMILLIAN, Circuit Judge.

Before this court is an application for attorneys' fees and expenses, filed pursuant to 33 U.S.C. § 1365(d) on behalf of John Armstrong and Heather Potter (plaintiffs), for their costs in defending an appeal brought by ASARCO Incorporated in the underlying Clean Water Act case. *Armstrong v. ASARCO, Inc.*, 138 F.3d 382 (8th Cir.1998) (affirming in part and reversing in part the district court's award of litigation costs pursuant to 33 U.S.C. § 1365(d)). Briefly summarizing the background of this stage of the litigation, on March 20, 1998, Croker, Huck, Kasher, DeWitt, Anderson and Gonderinger, P.C. (Croker Huck), filed a motion with this court on behalf of plaintiffs seeking $18,478.50 in attorneys' fees and $1,289.34 in additional expenses. On March 24, 1998, Rees & Associates, P.C., and Pendleton, Friedberg, Wilson & Hennesey, P.C., together filed a motion with this court on behalf of plaintiffs seeking $39,423.00 in attorneys' fees and $506.18 in additional expenses. On April 6, 1998, ASARCO filed a response, objecting to the motions on grounds that much of the attorneys' fees requested were not reasonable because they represent unnecessary, inefficient, or duplicated efforts and that plaintiffs were not entitled to full compensation of their reasonable costs because they achieved only limited success in defending the appeal. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–36, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (interpreting fee-shifting statute to require calculation of reasonable fees based upon reasonable time and reasonable rate, i.e., the "lodestar" amount, *and* adjustment of the award in light of the degree of success obtained), *see also City of Burlington v. Dague*, 505 U.S. 557, 561–67, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) (adopting the "lodestar approach" of *Hensley v. Eckerhart* in fee-shifting analysis pursuant to 33 U.S.C. § 1365(d)). Thereafter, on July 1, 1998,

Croker Huck filed a notice of its intent to withdraw the motion for attorneys' fees and expenses that it had previously filed on behalf of plaintiffs.

We grant Croker Huck permission to withdraw its separate motion. That withdrawal substantially addresses what we believe to be considerable excess and duplication in plaintiffs' original total request for attorneys' fees and expenses on appeal. Upon careful consideration, we make the following additional adjustments. First, we disallow $1,004.50 of fees for 4.9 hours of attorney David Rees's time attributed in whole or in part to preparing the unsuccessful petition for rehearing. Second, we disallow $1,605.00 of fees for 10 .7 hours of work by attorney Paul Zogg, whose firm is not counsel of record on appeal, and we disallow $21.02 of expenses attributed to Paul Zogg. Finally, we reduce the remaining amount of total costs by 50% in light of plaintiffs' limited success on appeal. Consequently, plaintiffs are awarded $18,406.75 in attorneys' fees and $242.58 in additional expenses, for a total award of $18,649.33.

It is so ordered.